United States District Court
Southern District of Texas
**ENTERED**
June 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN EDWARD COBO CORREA,           §
                                   §
                Petitioner,        §
                                   §
v.                                 §      CIVIL ACTION NO. H-26-3173
                                   §
MARKWAYNE MULLINS, et al.,         §
                                   §
                Respondents.       §

## MEMORANDUM OPINION AND ORDER

John Edward Cobo Correa ("Petitioner"), a citizen of Colombia, entered the United States without admission or parole on December 29, 2024.[1]   On December 30, 2024, Petitioner was taken into immigration custody and was served with a Notice to Appear, charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act.[2]   That same day Petitioner was released on his own recognizance.[3]   On August 27, 2025, Petitioner filed an application for asylum.[4]   On November 26, 2025, Petitioner was taken into immigration custody.[5]   On May 1, 2026, Petitioner's

---

[1]Respondents' Motion for Summary Judgment and Response to the Petition for Writ of Habeas Corpus ("Respondents' MSJ"), Docket Entry No. 5, p. 2.   For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.

[4]Id.

[5]Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition), Docket Entry No. 1, p. 4.

application for asylum was denied and he was ordered removed to Colombia by an immigration judge.[6]   Petitioner remains in immigration custody.[7]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates due process.[8]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).   Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally

---

[6]Order of the Immigration Judge, Exhibit 5 to Respondents' MSJ, Docket Entry No. 5-5, p. 1.

[7]Respondents' MSJ, Docket Entry No. 5, p. 2.

[8]Habeas Petition, Docket Entry No. 1, pp. 10–11.  Although Petitioner states that his detention is excessive and unnecessary without citing to the Due Process Clause of the Fifth Amendment, the court construes this as a due process claim.  Collins v. Dallas Leadership Foundation, 77 F.4th 327, 330 (5th Cir. 2023) ("We also construe [plaintiff's] filings liberally because he is a pro se litigant.").

[9]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

-2-

permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED**, and Petitioner's Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 11th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE